ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2009 NOV 24 P 3: 33
CLERK _____
S. DIST. OF GA.

| | |
|---|---|
| CLIVE TERRELONGE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 309-071 |
| ) | |
| WALT WELLS, Warden, ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate currently incarcerated at McRae Correctional Facility ("McRae") in McRae, Georgia, has commenced the above-captioned case pursuant to 28 U.S.C. § 2241 contesting the execution of his sentence of confinement. Respondent has filed his response to the petition. (Doc. no. 6). Petitioner has also filed a "Motion for Judgment on the Pleadings," which the Court has construed as a motion for entry of default. (Doc. no. 7). Respondent opposes this motion. (See doc. no. 8). For the reasons stated more fully below, the Court **REPORTS** and **RECOMMENDS** that the motion for entry of default be **DENIED**, that the petition be **DISMISSED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent Wells.

### I. BACKGROUND

On February 24, 2005, Petitioner was sentenced to 70 months of imprisonment by the United States District Court for the District of Maryland for illegal re-entry, in violation of

8 U.S.C. § 1325. (Doc. no. 7, Ex. 1). Petitioner is serving his sentence at McRae and is scheduled for release on November 26, 2009. (Id., Ex. 2). Petitioner filed this § 2241 petition contending that he has impermissibly been deprived of forty (40) days of good conduct time ("GCT"), after being found guilty by a disciplinary hearing officer ("DHO") of possessing contraband, in violation of prison regulations. (See generally doc. no. 1). Petitioner claims that he is innocent of the charges and that "there was insufficient evidence to support the finding of guilt." (Id. at 3). As relief, Petitioner requests restoration of the 40 days of GCT and immediate release. (Id. at 7).

The Court directed service to be effected on Respondent and instructed Respondent to show cause why Petitioner's writ should not be granted by filing a response within twenty (20) days of the date of service. (Doc. no. 2). Respondent contends that Petitioner was afforded due process with respect to his disciplinary hearing, specifically that the finding of guilt is supported by "some evidence," as required by Supreme Court precedent. (See generally doc. no. 7).

## II. DISCUSSION

### A. "Motion for Judgment on the Pleadings"

Before addressing the merits of the § 2241 petition, the Court first addresses Petitioner's "Motion for Judgment on the Pleadings," which the Court has construed as a motion for entry of default. Indeed, though Petitioner states that this motion is brought pursuant to Rule 12(c) of the Federal Rules of Civil Procedure,[1] he requests judgment in his

---

[1] The Federal Rules of Civil Procedure are applicable to proceedings for habeas corpus, "to the extent that the practice in those proceedings . . . is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases; and . . . has

2

favor because he contends that no response to his petition was filed, which is essentially a request for entry of default. See Fed. R. Civ. P. 55(a) (noting that entry of default must be made "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend"). Despite Petitioner's assertion to the contrary, the record reflects Respondent has filed a timely response to the § 2241 petition. As noted above, on October 15, 2009, this Court directed service of process and instructed Respondent to file his response within twenty (20) days of the date of service. (See doc. no. 2). The United States Attorney's Office was served on October 23, 2009 (doc. no. 4); Respondent Wells on October 26, 2009 (doc. no. 3); and the United States Attorney General on October 28, 2009 (doc. no. 5).

Under Fed. R. Civ. P. 4(i), service on the United States is properly accomplished by delivering a copy of the summons and complaint, or in this case, the petition for a writ of habeas corpus, to the United States Attorney or his designated representative in the district where the action is brought, or by sending a copy of the same by registered or certified mail to the civil process clerk at the United States Attorney's Office. Fed. R. Civ. P. 4(i)(1)(A)(i)-(ii). Such service was properly accomplished under the Federal Rules on October 23, 2009. Respondent proceeded to file his "Return on Order to Show Cause" on November 12, 2009, and has therefore complied with the Court's October 15, 2009 Order to respond to the petition within twenty (20) days of service. Thus, no default has occurred.

Furthermore, Petitioner's argument that he is entitled to an entry of default is without merit because, for obvious reasons, "default judgment is not contemplated in habeas corpus

---

previously conformed to the practice in civil actions." Fed. R. Civ. P. 81(a)(4).

3

cases." Aziz v. Leferve, 830 F.2d 184, 187 (11th Cir. 1987). Moreover, default is a drastic remedy appropriate in only the most extreme of circumstances. The Court respects "the usual preference that cases be heard on the merits rather than resorting to sanctions that deprive a litigant of his day in court." Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1316-17 (11th Cir. 2002). In sum, default in this case has not occurred, and even if it had, such a judgment would be manifestly unjust and will not be contemplated by the Court. Accordingly, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion for entry of default be **DENIED**. (Doc. no. 7).

**B.     Merits of § 2241 Petition**

Turning to the merits of the petition, Petitioner states that he was sanctioned with, *inter alia*, disallowance of 40 days of GCT when he was found guilty of possessing contraband in violation of prison regulations. (Doc. no. 1, p. 3). Petitioner further contends that he is innocent of the charge, noting that his cell mate, Stephen Hall, confessed to possessing the contraband at Petitioner's disciplinary hearing. (Id.). As noted above, Respondent contends that Petitioner received due process, specifically that the finding of guilt is supported by "some evidence," as required by Supreme Court precedent. (See generally doc. no. 7). Respondent has the better argument.

In Wolff v. McDonnell, 418 U.S. 539 (1974), the Supreme Court recognized that "prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Id. at 556. However, a prisoner facing a disciplinary hearing is still entitled to the following before he can be deprived of GCT: (1) advance, written notice of the charges against him; (2) a written

4

statement of the facts and evidence relied on and the reason for any disciplinary action taken; (3) the opportunity to call witnesses and present documentary evidence; and (4) an impartial hearing board. Id. at 563-67; see also Bass v. Perrin, 170 F.3d 1312, 1318 (11th Cir. 1999) (citing Young v. Jones, 37 F.3d 1457, 1459-60 (11th Cir. 1994)) (noting the requirements of Wolff).

In addition to these procedural due process requirements, the Supreme Court has clarified that the degree of proof required at a prison disciplinary hearing to satisfy due process is significantly lower than that required in a criminal prosecution. In Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445 (1985), the Supreme Court concluded that a finding that "some evidence" supports the decision of a prison disciplinary board is enough to satisfy the minimum due process requirements for prisoners facing loss of GCT:

> [T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits. This standard is met if "there was some evidence from which the conclusion of the administrative tribunal could be deduced . . . ." United States ex rel. Vajtauer v. Commissioner of Immigration, 273 U.S. [103,] 106 . . . [(1927)]. Ascertaining whether this standing is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

Id. at 455-56. The Eleventh Circuit has further explained the limited judicial review that federal courts may undertake in reference to prison disciplinary actions:

> The federal courts cannot assume the task of retrying all prison disciplinary disputes. No de novo review of the disciplinary board's factual finding is required, but the courts must consider whether at least the decision is supported by "some facts"--"whether any evidence at all" supports the action taken by prison officials.

Young v. Jones, 37 F.3d 1457, 1460 (11th Cir. 1994) (quoting Smith v. Rabalais, 659 F.2d 539, 545 (5th Cir. 1981)).

Here, Petitioner does not contend that he was not afforded the procedural due process requirements listed in Wolff, described above. Rather, he appears to be contending that his finding of guilt as to the charge of possession of contraband is not supported by "some evidence" as required by Hill. Accordingly, the Court will limit its analysis to this issue.

On August 27, 2008, Petitioner was issued a disciplinary report ("DR") for possessing contraband, namely a sharpened toothbrush that had been concealed in the toilet located in Petitioner's cell. (Doc. no. 7, Ex. 5). According to Petitioner, on August 26, 2008, Petitioner attempted to clear a clog in the toilet with a plunger that he had requested from McRae staff. (Doc. no. 1, pp. 8-9). When Petitioner was unable to remove the clog with the plunger, he requested a facility maintenance worker. (Id. at 9). The maintenance worker discovered the sharpened instrument while repairing the toilet, prompting the issuance of a DR against Petitioner for possession of contraband. (Doc. no. 7, Ex. 5). Notably, Inmate Hall was also assigned to Petitioner's cell at the time, and he was issued a DR on the same charge. (See id., Ex. 6, p. 1).

Inmate Hall's disciplinary hearing was held on September 23, 2008, during which he denied that the sharpened instrument belonged to him or that he had placed the item in the toilet. (Id.). The DHO conducting Inmate Hall's hearing found that he had committed the prohibited act and imposed sanctions, including disallowance of 40 days of GCT. (Id. at 2-3). On December 30, 2008, Petitioner appeared before a different DHO. (Id., Ex. 3). Inmate Hall appeared at Petitioner's hearing and made the following statement: "The weapon is

6

mine. I found it in the shower and flushed it in the toilet. [Petitioner] didn't know anything about it." (Id. at 2). Petitioner also testified in his own defense at the disciplinary hearing. Petitioner contended that he was innocent of the charges, claiming that he had only lived in the cell for two months and that a prior occupant of the cell could have placed the weapon in the toilet. (Id.). However, information received by the DHO suggested that the weapon would have caused an immediate clog in the toilet. (Id. at 3). As noted above, the DHO ultimately found Petitioner guilty of the charged offense and sanctioned him with, *inter alia*, disallowance of 40 days of GCT. (Id. at 4).

As the Supreme Court and Eleventh Circuit have instructed, this Court is limited in its review of the findings made during prison disciplinary proceedings and need not examine the entire record, independently assess the credibility of witnesses, or re-weigh the evidence in determining whether the prison disciplinary board's decision is supported by "some evidence." Hill, 472 U.S. at 455; Young, 37 F.3d at 1460. Here, the Court finds that based on the evidence considered by the DHO, the "some evidence" standard has been met. In finding Petitioner guilty of the charged offense, the DHO considered the incident report, as well as the testimony of Petitioner and Inmate Hall. (Doc. no. 7, Ex. 6, pp. 3-4). Notably, the DHO discredited Inmate Hall's testimony claiming ownership of the weapon because he had denied ownership of the weapon at his own disciplinary hearing three months earlier. (Id. at 4). The DHO also noted that concealment of the weapon in the toilet would have caused an immediate clog, thereby undermining Petitioner's argument that a previous occupant of the cell could have placed the weapon in the toilet. (Id.). Based on this

evidence, the DHO concluded that Petitioner committed the prohibited act and imposed sanctions, including the disallowance of 40 days of GCT. (Id.).

In determining whether the "some evidence" standard has been met, the Court notes that other courts have found that prisoners can be disciplined when contraband is found in their living areas, even though the areas are accessible to other inmates. See, e.g., Hamilton v. O'Leary, 976 F.2d 341, 345 (7th Cir. 1992) ("The proposition that constructive possession provides 'some evidence' of guilt when contraband is found where only a few inmates have access is unproblematic[]."); Mason v. Sargent, 898 F.2d 679, 680 (8th Cir. 1990) (inmate properly disciplined when contraband found in locker even though other inmate confessed to placing it there); Thomas v. Hawk, 978 F. Supp. 1421, 1423-24 (D. Kan. 1997) (noting that the "constructive possession" rule, under which an inmate is responsible for anything found in his cell, absent sufficient exculpatory evidence, satisfies the "some evidence" standard); White v. Booker, 598 F. Supp. 984, 986-87 (E.D. Va. 1984) (inmate found to have violated the inmate discipline policy when a knife was found in his cell).

Here, there was certainly some evidence to support the DHO's finding that Petitioner was in constructive possession of the sharpened instrument. The weapon was found in his toilet in his cell, to which only Petitioner and Inmate Hall had access. Based on the evidence considered by the DHO and the case law noted above, the Court finds that the finding of guilt as to the charge of possession of contraband is supported by "some evidence," and accordingly, Petitioner was afforded due process before he was sanctioned with the disallowance of 40 days of GCT. Thus, Petitioner is not entitled to the relief he seeks.

8

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the motion for entry of default be **DENIED**, that the petition be **DISMISSED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent Wells.

SO REPORTED and RECOMMENDED this 24th day of November, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE